UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALONZO L. BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-02907 (UNA) |
| | ) | |
| CARLO DELCO, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Currently before the Court is Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will grant Plaintiff's IFP application, and for the reasons explained below, it will dismiss this matter without prejudice. Plaintiff's pending motion to stay proceedings, ECF No. 3, will be denied.

Plaintiff, a resident of Capac, Michigan, sues the Michigan Department of State, as well as the Capac Police Department and one of its officers. The allegations are rambling and difficult to follow. Plaintiff raises concerns regarding his vehicle, which was towed in Michigan, and is scheduled to be sold at auction. He asserts that the repossession of his vehicle is rooted in a widespread RICO conspiracy, executed by several American states and by "major hospitals," also located in Michigan. He alleges that the conspiracy was created in an effort to steal his vehicle, deter him from reporting or seeking justice for various asserted wrongs purportedly committed by Defendants and others, and murder him. He demands the return of his vehicle and damages.

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, which requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(1)-(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," it does not fulfill the requirements of Rule 8. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013)), *aff'd sub nom*. *Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (cleaned up). The instant complaint falls squarely within this category. While it repeatedly asserts that Defendants, as well as various other entities, acted "illegally," it does not include facts supporting that conclusion so as to make out a plausible claim, making dismissal appropriate. *See Iqbal*, 556 U.S. at 678-79.

Furthermore, Plaintiff has failed to establish venue in this District. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or in which a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b); *see also id.* § 1406(a) (providing for transfer or dismissal for improper venue). All of the parties are located in Michigan, and none of the acts or omissions giving rise to this case, as far as they can even be understood, occurred in this District.

As a result, Plaintiff's IFP application is granted, and this matter is dismissed without prejudice. Plaintiff's motion to stay the proceedings in Michigan related to the repossession of his

vehicle, ECF No. 3, is denied.  It is unclear what authority this Court has, if any, to grant such relief, nor does Plaintiff cite to any.  A separate order accompanies this memorandum opinion.

Date:  November 9, 2023

/s/_____
 ANA C. REYES
 United States District Judge